UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH McHUGH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CAROLYN W. COLVIN, acting Commissioner of the Social Security Administration, | ) Cause No. 1:13-cv-388-WTL-TAB ) ) ) |
| Defendant. | ) ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Deborah McHugh requests judicial review of the final decision of Defendant, Carolyn W. Colvin, Commissioner of the Social Security Administration ("Commissioner"), denying Ms. McHugh's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court rules as follows.

### I. PROCEDURAL HISTORY

Deborah McHugh protectively filed for SSI and DIB on October 22, 2009, alleging she became disabled on September 1, 2000, due to several physical and mental impairments. Ms. McHugh's application was denied initially on February 2, 2010, and again upon reconsideration on May 3, 2010. Following the denial upon reconsideration, Ms. McHugh requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A hearing, during which Ms. McHugh was represented by counsel, was held in front of ALJ Albert J. Velasquez on September 13, 2011. The ALJ issued his decision denying Ms. McHugh's claim on October 17,

2011.  The Appeals Council denied Ms. McHugh's request for review on January 2, 2013.  After the Appeals Council denied review of the ALJ's decision, Ms. McHugh filed this timely appeal.

## II.     EVIDENCE OF RECORD

The evidence of record is aptly set forth in Ms. McHugh's brief.  Specific facts are set forth in the discussion section below where relevant.

## III.    APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A).  In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis.  At step one, if the claimant is engaged in substantial gainful activity she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[1]  At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c).  At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Dixon*, 270 F.3d at 1176.

## IV. THE ALJ'S DECISION

The ALJ determined at step one that Ms. McHugh had not engaged in substantial gainful activity since September 1, 2000, the alleged onset date. At steps two and three, the ALJ concluded that Ms. McHugh has the severe impairments of obesity, osteoarthritis, chronic obstructive pulmonary disease, bilateral lower extremity edema, insomnia, and depressive disorder, R. at 21, but that her impairments, singly or in combination, did not meet or medically

3

equal a listed impairment. At step four, the ALJ determined that Ms. McHugh had the RFC to perform light work[2] with the following restrictions:

> she can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; she cannot climb ladders, ropes or scaffolds, or work around hazards; she should not operate a motor vehicle; the work should require no repetitive, forceful gripping and no operation of vibrating tools; she should perform no overhead work with the right upper extremity; the work environment should be relatively free of noxious fumes, gases, respiratory irritants, temperature extremes, and humidity; work tasks should be simple and repetitive in nature.

*Id*. at 24. Given that RFC, the ALJ determined that she could not perform any of her past relevant work. Finally, at step five the ALJ determined that Ms. McHugh could perform a range of work that exists in the national economy, including an apparel sorter, an information clerk, and a packing line worker. Accordingly, the ALJ concluded that Ms. McHugh was not disabled as defined by the Act.

## V. DISCUSSION

In her brief in support of her Complaint, Ms. McHugh argues that the ALJ: 1) assessed an insufficient RFC; and 2) erred in assessing her credibility. Her arguments will be addressed, in turn, below.

### A. The ALJ's RFC Assessment

Ms. McHugh first argues that the ALJ erred in formulating her RFC by failing to adequately account for her moderate limitations in maintaining concentration, persistence, or

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

4

pace.³ In regard to this finding, the ALJ stated: "As for the claimant's severe mental impairment and the moderate difficulties it causes her in maintaining concentration, persistence or pace, I am limiting her to tasks that are simple and repetitive in nature." *Id*. at 25. In arguing that this was deficient, Ms. McHugh cites *Stewart v. Astrue*, which noted that an ALJ cannot adequately account for "documented limitations of concentration, persistence or pace" by simply restricting a claimant to "simple, routine tasks." 561 F.3d 679, 684-85 (7th Cir. 2009) (internal quotation marks omitted).

More recent Seventh Circuit precedent has addressed this issue, noting that typically ALJs should explicitly include limitations in concentration, persistence, and pace in their RFC assessments given to the VE. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) ("In most cases, however, employing terms like 'simple, repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace."). However, *O'Connor-Spinner* did not create a bright line rule that requires the use of the specific words "concentration, persistence, and pace" in every RFC or hypothetical given to the VE. The Seventh Circuit noted that several exceptions apply to this general rule, including "when it [is] manifest that the ALJ's alternative phrasing

---

³ It is unclear to the Court why Ms. McHugh believes that "no treating, examining or non-examining medical expert gave an RFC assessment based upon the claimant's mental impairments." Pl.'s Brief at 14. The record contains a document entitled "Mental Residual Functional Capacity Assessment" which appears to the Court to be Ms. McHugh's mental RFC assessment completed by Dr. William A. Shipley on February 2, 2010. *See* R. at 262-65. The record also contains a document entitled "Psychiatric Review Technique" that was completed by Dr. Shipley on the same date. This document contains certain ratings of Ms. McHugh's functional limitations that were used to determine whether she met or medically equaled Listing 12.04. *See id*. at 266-79. The Court agrees with Ms. McHugh that the findings reflected in the Psychiatric Review Technique are not an RFC assessment. The ALJ recognized as such in his decision: "The limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process." *Id*. at 24. However, despite Ms. McHugh's argument to the contrary, it is clear that a mental RFC assessment was conducted in this case.

specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *Id*. at 619. Relying on this exception, therefore, the Commissioner argues that by limiting Ms. McHugh to "simple and repetitive" tasks, the ALJ adequately accounted for her deficiencies in concentration, persistence, and pace.

Dr. Shipley's mental RFC assessment notes that Ms. McHugh is "moderately limited" in her ability to understand and remember detailed instructions and her ability to carry out detailed instructions. R. at 262.[4] All of the following were marked "not significantly limited" on her assessment:

- the ability to remember locations and work-like procedures;
- the ability to understand and remember very short and simple instructions;
- the ability to carry out very short and simple instructions;
- the ability to maintain attention and concentration for extended periods;
- the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;
- the ability to sustain an ordinary routine without special supervision;
- the ability to work in coordination with or proximity to others without being distracted by them;
- the ability to complete a normal work day and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

*Id*. at 262-63. Dr. Shipley summarized these findings by stating, in part, that Ms. McHugh had

> [s]ome impairment of attention and concentration. . . . Claimant is able to cook, do household chores, laundry and shop without difficulty. She does puzzles and watches television, takes care of plants and plays games in her free time and is able to take care of her granddaughter and pets. . . . She is capable of performing tasks."

---

[4] The Court does note that Dr. Shipley, likely inadvertently, did not rate Ms. McHugh on her ability to make simple work-related decisions. R. at 262. The Commissioner argues that because of the other marks Ms. McHugh received "it is reasonable to imply that he would have checked off that Plaintiff was similarly not significantly limited in her ability to make simple work-related decisions." Def. Response at 4, n. 1. Ms. McHugh does not raise this as an issue on appeal, nor did she file a Reply brief in response arguing to the contrary.

*Id*. at 264. The Commissioner argues that by limiting Ms. McHugh to simple, repetitive tasks, the ALJ adequately accounted for those deficiencies, and the Court agrees. *Id*. at 262-63. In looking at the ALJ's RFC, it is clear that he accounted for all of Ms. McHugh's limitations in concentration, persistence, and pace, which only affected her ability to understand, remember, and carry out detailed instructions. Accordingly, the Court finds no reversible error.

### B. The ALJ's Credibility Determination

Ms. McHugh also argues that the ALJ's credibility determination was deficient. In his decision denying benefits, the ALJ determined that

> [w]hile the evidence shows that the claimant's impairments cause more than a minimal adverse impact upon her ability to perform some basic work-related activities, it fails to establish that they rise to a disabling level of severity. Accordingly, the claimant's allegations concerning her impairments and their impact on her ability to work are not fully credible. The residual functional capacity that has been assigned is consistent with and supported by the objective medical evidence in the record with consideration being afforded the claimant's subjective complaints. In view of this, the limitations on the claimant's capacities are considered warranted, but no greater or additional limitations are justified. The record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision.

The Court agrees with Ms. McHugh that the ALJ committed reversible error in this instance in relying solely on objective medical evidence in assessing her credibility. A review of the decision reveals that the ALJ failed to cite to anything besides medical evidence and opinions in determining Ms. McHugh's credibility. SSR 96-7p specifically cautions that "the absence of objective medical evidence supporting an individual's statements about the intensity and persistence of pain or other symptoms *is only one factor* that the adjudicator must consider in assessing an individual's credibility and must be considered in the context of all the evidence." (emphasis added). Because the ALJ "inappropriately rested his credibility determination too heavily on the absence of objective support for [Ms. McHugh's] complaints without digging

7

more deeply[,]" remand is required. *Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014). On remand, the ALJ shall, in addition to the medical evidence already cited, discuss Dr. Burkholder's opinion,[5] as the Commissioner acknowledges it was error for the ALJ not to so do in his decision.[6]

## VI. CONCLUSION

As set forth above, the ALJ in this case erred in assessing Ms. McHugh's credibility by relying solely on objective medical evidence. The decision of the Commissioner is therefore **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 03/17/2014

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication

---

[5] Dr. Burkholder examined Ms. McHugh on August 24, 2011, opining that Ms. McHugh had more limitations than what the ALJ noted in his RFC assessment in concluding that she was able to perform light work. *See* R. at 302-06.

[6] The Commissioner argues at length that the failure to cite to Dr. Burkholder's opinion is harmless because the opinion would not change the ALJ's credibility determination. In support, she states that his opinion is based upon Ms. McHugh's subjective complaints, it was completed at the request of Ms. McHugh's attorney, and that he only examined her one time. These may be reasons for why the ALJ might choose to assign little weight to Dr. Burkholder's findings on remand. Nevertheless, it was an error for this opinion to be ignored in its entirety.

8